IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Impairment Resources, LLC, | : | Case No. 12-10850 (BLS) |
| | : | |
| Debtor. | : | Hearing Date: December 11, 2014 at 12:30 p.m. (ET) |
| | : | Objection Deadline: December 4, 2014 at 4:00 p.m. (ET) |
| | : | |

## TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f)

Charles M. Forman, the chapter 7 trustee (the "Trustee") for the estate of Impairment Resources, LLC (the "Debtor"), through his undersigned counsel, respectfully submits this motion (the "Motion") pursuant to Sections 363(b), (f) and (m) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") for an order, substantially in the form annexed hereto as **Exhibit A** (the "Sale Order") (i) authorizing the sale of certain assets of the Debtor's estate free and clear of liens, claims, interests and encumbrances pursuant to the terms of the asset purchase agreement (the "APA") attached hereto as **Exhibit B**; and (ii) authorizing and approving the APA. In support of the relief requested in the Motion, the Trustee respectfully represents that:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

00360392 - 3

4. The statutory and rule-based predicates for the relief sought herein are Sections 363(b), (f) and (m) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2002(a)(2), 2002(c)(1) and 6004(h), and Local Rule 6004-1(b).

## INTRODUCTION

5. On March 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6. On March 15, 2012, the Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtor's estate.

## BACKGROUND

7. The Debtor is a Delaware limited liability company that had its principal place of business located at 8885 Rio San Diego Drive, San Diego, CA.

8. The Debtor was engaged in the business of evaluating medical "impairment ratings", a medical disability rating scale established by the *American Medical Association Guide* that is used to rate the amount of an individual's disability, usually for the purpose of determining the amount of their disability insurance, workers compensation or personal injury litigation payments.

9. The majority of the Debtor's business consisted of reviewing medical files of individuals who had submitted claims for worker's compensation to evaluate whether the designation of impairment was properly calculated. The Debtor's clients included individuals, insurance companies and employers. In order to perform these services, clients provided medical files and records for individuals who were asserting workers' compensation disability claims.

10. In connection with the operation of its business, the Debtor obtained certain assets consisting of patents, trademarks and domain names (the "Assets"). The patents provide a uniform method of evaluating permanent impairment ratings for a medical diagnosis using a

process and software. The trademarks consist of the term "CIR," which is an acronym for Certified Impairment Rater, and the wordmark ImpairmentCheck√. The Debtor also acquired a number of domain names and websites related to impairment rating, some of which were coded with the software needed to utilize the Debtor's patents.

11. On December 31, 2011, a theft occurred at the Debtor's office and a number of computers with private patient information were stolen. Because of the liabilities created by the theft, the Debtor filed its chapter 7 petition.

## RELIEF REQUESTED

12. By this motion, the Trustee seeks authority to sell the Assets to the Purchaser, subject to the Trustee's receipt of a higher and better offer for the Assets.[1]

### A. Postpetition Marketing Efforts

13. On July 27, 2012, the Trustee filed an Application to Retain ICAP Patent Brokerage LLC ("ICAP") as Broker to the Chapter 7 Trustee for the purpose of marketing the Assets for sale. The Trustee was making arrangements to include the Assets in one of ICAP's intellectual property auctions, however, ICAP required a $10,000 deposit for expenses and would be entitled to a commission of 15% of the sale proceeds.

14. At the same time, the Trustee received inquiries from two (2) outside parties interested in purchasing the Assets. Both parties submitted offers for the Assets.

15. Due to the nature of the Debtor's business, only a discrete number of individuals or businesses are in a position to utilize the Assets, and in consideration of the fees and costs associated with including the Assets in the ICAP auction, the Trustee determined that a private sale of the Assets would be in the best interest of the Debtor's estate.

---

[1] If any higher offers for the purchase of the Assets are received while this Motion is pending, the Trustee reserves the right to conduct a competitive auction for the Assets and to seek approval of a sale of the Assets to the bidder submitting the highest and best offer for the Assets.

3

16. The attached APA reflects the purchaser, the purchase price and the proposed terms of the sale. (See APA, attached as Exhibit B.)

17. The proposed purchaser is Brigham & Associates, Inc., 970 N. Kalaheo Avenue, Suite C-312, Kailua, Hawaii 96734, an entity owned by a the holder of a direct or indirect ownership interest in, and a former director of, the Debtor.

18. To date, the Purchaser's offer set forth in the APA is the highest offer received by the Trustee for the Assets.

**B.   The Sale**

19. The Assets are subject to a lien held by secured creditor Insurance Recovery Group, Inc. ("IRG"). IRG consents to the sale of the Assets, with its lien to attach to the proceeds of the sale pursuant to 11 U.S.C. § 363(f).

20. IRG agrees that the sale proceeds will be split equally between IRG and the estate.

21. The Purchaser has offered $30,200.00 to acquire the Assets, which consists of all (a) patents and (b) trademarks which are set forth as Exhibit A to the APA and (c) domain names with related content, set forth on Schedule A to the APA.

22. Any assets of the Debtor not specifically identified in the APA are excluded from the sale.

## LEGAL AUTHORITY

23. Pursuant to section 704 of the Bankruptcy Code, the Trustee is directed to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704.

24. Pursuant to section 363(b)(1) of the Bankruptcy Code, the Trustee, after notice and a hearing, is authorized to "use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

25. In determining whether a proposed sale under § 363(b)(1) of the Bankruptcy Code is appropriate, courts examine whether a Trustee has exercised sound business judgment in proposing the sale in question. *See Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 388-390 (6th Cir. 1986); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169 (D. Del. 1991); *In re Industry Valley Refrig. & Air Cond. Supplies*, 77 B.R. 15 (Bankr. E.D. Pa. 1987).

26. The Trustee has determined that consummating a sale of the Assets in accordance herewith is in the best interests of the Debtor's estate, subject to higher and better offers.

27. The proposed private sale by the Trustee is intended to maximize the value of the property of the Debtors' estate while minimizing the costs associated with preserving and maintaining the Assets pending their eventual liquidation. In addition, the proposed sale does not include fees and commissions that would be incurred if a patent broker was employed in connection with the sale. The Trustee has provided notice of the sale to all parties who have expressed an interest in the Assets, and the APA is subject to higher or better offers. Therefore, the Trustee has articulated a sound business reason for proceeding with the proposed private sale.

28. The Trustee may sell such property free and clear of any interest in such property if:
   a. applicable nonbankruptcy law permits sale of such property free and clear of such interest;
   b. such entity consents;
   c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
   d. such interest is in bona fide dispute or
   e. such entity can be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

29. In the present case, the Assets are subject to the lien of secured creditor IRG. IRG consents to the sale of the Assets. Therefore, the sale of the Assets is appropriate pursuant to 11 U.S.C. § 363(f).

30. IRG further agrees that one-half of the sale proceeds shall be property of the estate, with the other half being turned over to IRG.

31. Del. Bankr. L.R. 6004-1(b)(iv) regarding sale motions in this district requires that certain provisions be highlighted in sale pleadings. To the extent that those provisions are applicable to the proposed private sale, the Trustee respectfully sets forth as follows:

   a. *Sale to Insider.* The Assets are proposed to be sold to an entity affiliated with the holder of a direct or indirect ownership interest in, and a former director of, the Debtor, Dr. Christopher Brigham, who is the owner of Brigham & Associates (the named Purchaser in the APA).

   b. *Private Sale/No Competitive Bidding.* Because a public outcry auction would not result in the highest and best price for the Assets, the Trustee marketed the Assets to parties that expressed an interest in purchasing the Assets. Brigham submitted the best offer for the Assets, and thereafter executed the APA. However, the APA is subject to higher or better offers.

   c. *Closing and Other Deadlines.* Competitive bids will be considered up to and including the date of the hearing on the Trustee's Sale Motion, or December 11, 2014 at 12:30 p.m.

   d. *Good Faith Deposit.* The Purchaser has made a good faith deposit in the amount of $3,020. If the Trustee cancels the APA, or a higher offer is received, the deposit will be returned to the Purchaser. If the Purchaser fails to take all actions required to close under the terms set forth in the APA, the deposit shall be forfeited.

   e. *Use of Proceeds.* As discussed above, the Assets are subject to the lien of IRG, and its lien will attach to the proceeds of the sale pursuant to 11 U.S.C. § 363(f).

IRG has agreed to allow the estate a carve-out of one half of the sale proceeds. The Trustee requests that the estate be authorized to pay half of the sale proceeds to IRG upon completion of the sale without further order of the Court.

f. *Relief from Bankruptcy Rule 6004(h).* The Trustee respectfully requests that the Court waive the requirement of Federal Rule of Bankruptcy Procedure 6004(h) that the sale be stayed for 14 days after entry of an order authorizing same so that the sale may be conducted at the earliest possible date in order to minimize the administrative expenses associated with preserving the Assets pending such sale.

## NOTICE

32. Notice of this Motion shall be provided to: (i) the Office of the United States Trustee; (ii) counsel to the Purchaser; (iii) the secured creditor; (iv) parties that requested service; and (v) all parties who have expressed an interest in the Assets to the Trustee. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

33. No prior requests for the relief sought in this Motion have been made in this chapter 7 case.

WHEREFORE, the Trustee respectfully requests the entry of the Sale Order, in substantially the form attached hereto as Exhibit A, authorizing the Trustee's entry into the asset purchase agreement attached hereto as Exhibit B, granting the relief requested herein, and such other and further relief as the Court may deem just and proper.

Dated: November 14, 2014
      Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Daniel K. Astin*

Daniel K. Astin, Esq. (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr., Esq. (No. 4819)
1204 N. King Street
Wilmington, DE 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
jmcmahon@ciardilaw.com

-and-

FORMAN HOLT ELIADES
& YOUNGMAN LLC

Erin J. Kennedy, Esq.
Deirdre E. Burke, Esq.
80 Route 4 East, Suite 290
Paramus, NJ 07652
Tel: (201) 845-1000
Fax: (201) 845-9112
ekennedy@formanlaw.com
dburke@formanlaw.com

*Counsel to Charles Forman,
the Chapter 7 Trustee*